ORIGINAL 146·15

In The

Court Of Criminal Appeals

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 14 2015
Abel Acosta, Clerk

At Austin, Texas

Benjamin James Patterson
                    Petitioner

FILED IN
COURT OF CRIMINAL APPEALS
APR 17 2015
Abel Acosta, Clerk

vs.
The State Of Texas
                    Respondent

P. D. R. Cause No. PD-0146-15
On Appeal From The 8TH
District Court Of Appeals At
El Paso, Texas
8TH District Cause No. 08-13-00111-CR
Trial Court Cause No. CR12031

Petition For Discretionary Review
    Benjamin James Patterson, Pro Se
        TDCJ#01845087
        2101 FM 369 N.
        Iowa Park, Texas 76367
Oral Argument: Waived Due To Incarceration

                                    Page i

# Petition
## For
## Discretionary Review
## Of
### Benjamin James Patterson

# Table Of Contents

Topic                                            Page

Cover Page ........................................ i

Title Page ........................................ ii

Table Of Contents ................................ iii

Table Of Authorities ............................. iv

Address To The Court ............................. v

Jurisdiction ..................................... v

Reasons For Granting Review ...................... v

Introduction ..................................... vi

Statement Regarding Oral Argument ................ vi

Statement Of The Case ............................ vi

Statement Of Procedural History .................. vii

Grounds For Review ............................... 1

Ground One: Insufficient Evidence -
         Rule 403 And 404(b) Objections .... 2, 3, 4

Ground Two: No Limiting Instruction As To
         Identity/Alternative Ineffective Asst. Counsel ... 5, 6

Ground Three: Violation Of Witness Rule ... 7, 8, 9

Prayer ........................................... 10

Salutation/Signature ............................. 10

Certificate Of Service ........................... 10

# Table Of Authorities

**U.S. Constitution**      Page

  6TH Amendment . . . . . . . . . . . . . . 4, 6, 9

  14TH Amendment . . . . . . . . . . . . . . 4, 6, 9


## Federal Authority

United States v Beechum,

   582 F.2d 898, 912 (5TH Cir. [Tex.] 1978) . . . . . . . . . 3


## State Authorities

Albrecht v. State, 486 S.W.2d 97, 100-101 (Tex.Crim.App.1986) . . 4

Archer v. State, 703 SW2d 664, 666 666 (Tex.Crim.App.1986) . . . . 7

Hammock v. State, 46 S.W.3d 889, 894 (Tex.Crim.App.2001) . . . . 5

Ostos v. State, 713 SW2d 402, 404 (Tx.App.El Paso 1986 pet.ref.). . . . 4

Pedersen v. State, 237 SW3d 882, 889 (Tex.Crim.Texarkana 2007 pet. ref.). . . 6

Rankin v. State, 974 S.W.2d 707, 713 (Tex.Crim.App.1996) . . . . . . . 6

Templin v. State, 711 S.W.2d 30, 32 (Tex.Crim.App.1986) . . . . . . 3


## Texas Statutes

T.R.E. Rule 403 . . . . . . . . . . . . . 2, 3

T.R.E. Rule 404(b) . . . . . . . . . . . . . 2, 3, 4, 5

T.R.E. Rule 613 . . . . . . . . . . . . . 7

— End —

To The Honorable Judges Of The Court of Criminal Appeals:

## Jurisdiction
Jurisdiction is proper for this Court under Rule 66 and 68.1 et. sq. of the Texas Rules of Appellate Procedures.

## Reasons For Granting Review
Petitioner seeks Review under

1) Rule 66.3(b) - Court of Appeals has decided An important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals, concerning to what extent does corroboration of identify testimony go in deciding if Witness Violates Tex. Rule of Evidence 613 when overhearing Officer Testimony and give testimony intended to support State Theory of "Identify".

2) Fundamental Error - Admission of Extraneous Offense evidence that was inadmissible And without which conviction was not possible, thus prejudice outweighed probative value denying Defendant A Fundamentally Fair Trial And Due Process of Law.

Pg. №①

# Introduction

Under Rules 66 et. seq. and 68.1 et. seq. of the Rules of Appellate Procedure, petitioner, to-wit: Benjamin James Patterson, the Appellant, in the challenged above-numbered Appeal, through his Pro Se Representation, respectfully submits this Petition for Discretionary Review, and in support would show as follow:

## Statement Regarding Oral Argument

Petitioner is Prisoner in the James V. Allred Unit of TDCJ-CID, in Wichita County, Texas, and participate in Oral Argument, and thus, hereby, waive Oral Argument.

## Statement Of The Case

On January 16, 2013, Patterson was convicted of Theft over $20,000, of ATM machine. Offense took place on the 2ND of December 2010. Three mask men wearing gloves were captured on surveillance video at Nat'l Bank of Granbury. Dispatch broadcast an active alarm, police responded, and spotted car leaving bank parking lot. Police gave chase. Men jumped from vehicle after crash. Two Men were captured and charged.

Page #1

The third unidentified man got away. Patterson was later arrested ^And labelled As the third suspect using evidence from extraneous offense unrelated to the offense he was tried on for theft of ATM. Using only evidence from extraneous offense, Mr. Patterson, was found guilty with no evidence directly linking him to the scene of the crime, the ATM machine, nor the vehicle used to steal the ATM, and was sentenced to 99 years confinement in TDCJ.

## Statement Of Procedural History

On February 14, 2012, Benjamin James Patterson, was indicted for allegedly being the masked unidentified suspect who got away on or about December 2, 2010 for "unlawfully appropriate, by acquiring and otherwise exercising control over property, towit: an ATM machine." (CR pg 9) On January 14, 2013, a twelve person jury was selected and sworn. On January 15, 2013, indictment was read and Mr. Patterson pled "Not Guilty". On January 16, 2013 the jury reached verdict of guilty, and assessed punishment at 99 years confinement. (RR Vol.2 pg 108)(RR Vol.3 pg 27)(RR Vol.4 pg 33) (RR Vol.4 pg 123).

Notice of Appeal was filed on February 13, 2013. (CR P.58).

January 14, 2015, Appeal was "Affirmed"

# Grounds For Review

**Ground One:** Insufficient Evidence: Rule 403 And 404 (b) Objections

**Ground Two:** No Limiting Instruction as to Identity/Alternative Ineffective Assistance of Counsel

**Ground Three:** Violation of Witness Rule (T.R.E. 613)

<u>Ground One: Insufficient Evidence: Rule 403</u>
<u>And 404(b) Objections</u> ( The evidence was insufficient
without the improperly admitted extraneous offenses,
specifically the trial court committed error when it
overruled Appellant's Rule 403 and 404(b) objections,
Allowing in evidence of two burglaries of motor vehicles
that were extraneous to the charged bank burglary,
prejudicial to defendant, from BJP And without any applicable
exception as the elements were different from the charged
offense, Remote to the charged offense, And not intertwined
with the charged offense; And therefore the case should be
Reversed).

Ruling is needed by this Court of Criminal Appeals concerning
Admission of extraneous evidence that so prejudice the defense
that standing alone without admission of such admission finding
of guilt would not be probable or possible by a reasonable juror.
The evidence admitted misled the jury and confused the
issues. The jury was taken on a journey of defendant's
guilt alleged for the theft of an automobile. The jury focus was
on the conjure of defendant allegedly theft of unrelated
vehicle or any vehicle named by State to have been stolen.
And that if jury could find defendant guilty of extraneous
offense of theft of vehicle alleged, then defendant, was
also guilty of ATM theft, with zero evidence, without
extraneous offense to even possibly link defendant to theft,
or support sufficient conviction by show of evidence via
prove of the elements contained in the four corners of
the indictment.

Page 2

The admission of extraneous evidence probative value is substantially outweighed by the danger of unfair prejudice (Tex. R. Evid. 403) which in this instant case it did by causing jury to find defendant guilty of theft of ATM machine, and assessing him to a punishment of 99 years for a crime of which zero evidence places him at the scene of the crime the thing (ATM) stolen, nor the vehicle used in the theft. The prosecution tries to assert that the extraneous offense of car theft is res gestae. The extraneous offense meets this test where it is so linked together in point of time and circumstances with the charged offense that one cannot be fully shown without proving the other. United States v. Beechum, 582 F.2d 898, 912 (5th Cir. Tex. 1978) cert. denied, 440 U.S. 920 (1979). In this case, the attempted car theft and the bank burglary are not so linked. They are not intertwined. The attempted car burglary was not charged in the indictment. They are independent of each other and can be proved independently of each other.

It is a generally accepted proposition of law that a defendant is entitled to be tried on the accusation in the state's pleading and not for a collateral crime or for being a criminal generally. Templin v. State, 711 S.W. 2d 30, 32 (Tex. Crim. App. 1986). Therefore, evidence of other crimes wrongs, or acts of a person is not admissible against a defendant to prove the person's character in order to show that he or she acted in conformity with that character. T.R.E 404(b). However, this type of evidence may be admissible of other purposes, such as proof of motive, opportunity, intent, preparation,

plan, knowledge, identity, or absence of mistake, or accident. T.R.E. 404(b): _Albrecht v State_, 486 S.W.2d 97, 100-101 (Tex. Crim. App. 1972). However, extraneous offense should be excluded unless an exception is clearly established. _Ostos v. State_, 713 S.W.2d 402, 404 (Tex. App. El Paso 1986 pet.ref.). There was no exception established in the instruction to the jury, and was therefore inadmissible.

The admission of this extraneous evidence at trial, violated the Petitioners 6TH Amendment to the United States Constitution for a fundamentally fair trial, and the 14TH Amend. to the U.S. Const, violating Due Process of Law, where the violation prejudiced the Defendant by allowing the jury to find him guilty at Trial for this instant offense based on their finding him guilty of an extraneous offense where without it not one piece of any other evidence connected Defendant to this instant offense he was on trial for and without admission of the extraneous evidence jury would have had to find him not guilty.

The Trial Court did Abuse it's discretion in determining that the probative value of the extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice _See TRE403_. Because the Trial Court ruling was "not within the zone of reasonable disagreement", the trial court did abuse it's discretion by admitting the complain-of extraneous evidence. This is a Fundamental Error that DENIED, the Defendant of a Fundamental fair trial and Due Process of Law. This Issue demands a decision by this Court, in the interest of justice and to prevent future Miscarriages Of Justice, as in this case.

Page 4

GROUND TWO: No Limiting Instruction As To Identity
Alternative Ineffective Assistance Of Counsel

The trial court committed reversible error when it failed to give a limiting instruction requested by the State as to Identity, when extraneous evidence of two burglaries of motor vehicles were introduced to show identity, there in the introduction of those extraneous offenses to show identity, with the Court instead charging the jury with a limiting instruction to show knowledge and intent. Alternatively trial counsel for Defense was ineffective for not requesting the limiting instruction as to identity after his 404(b) objection was overruled, and further ineffective when he failed to request the limiting instruction in the charge as to identity.

This Ground is proper for Discretionary Review in that the court of appeals used laws application unreasonable and cases contradict.
The Court of Appeals denied this ground based on Hammock v. State, 46 S.W. 3d 889, 894 (Tex. Crim. App. 2001) which states: "The party opposing evidence, or seeking a limiting instruction bears the burden to object and request a limiting instruction at the introduction of the evidence. However, the Petitioner, now shows for Discretionary Review by this Court that the opposities holds to be true in the following court rulings by

Page 5

this Court as follow:

"If an extraneous offense is admitted, an instruction limiting consideration of the evidence to the purpose for which the evidence was admitted should be given upon request at the time the evidence is admitted, the instruction should not be deffered until the jury change. Rankin v. State, 974 S.W. 2d 707, 713 (Tex. Crim. App. 1996). And in Pedersen v. State, 237 S.W. 3d 882, 889 (Tex. Crim. Texarkana 2007, pet. ref.) erroneous failure to give comtemporaneous limiting instruction could not be considered harmless under facts of the case. In this instant case prior to trial the Defense objected to the admission of the evidence, and the State requested the limiting Instruction, and as such, the trial court, was mandated to give the limiting Instruction, at the time the evidence was admitted, however, it did not do so as mandated by law, abusing it's discretion, and as stated the error can not be viewed as harmless, and as such harmful errors of Due Process of Law mandate reversal. Petitioner ask for Discretionary Review to rule on this matter. Petitioner Reserves the ineffective assistance portion of this ground for the more appropriate vehicle of Habeas Corpus, if need go that far. Petitioner 6TH & 14TH Amendments have been violated and request Discretionary Review of this Issue of Limiting Instruction.

Page 6

## Ground Three: Violation of Witness Rule - T.R.E. 613

The court abused its discretion when it allowed a key State witness to testify after she violated the witness rule, harming Appellant when she testified to corroborate the key issue of "identify".

[Tex. Rule Of Evid ~~703~~] 613

This Ground is requested for Discretionary Review in that the appellate court ruling is not reasonable based on clearly established law. In *Archer v. State*, 703 S.W. 2d 664, 666 (Tex. Crim. App. 1986) it holds that: "Harm to the complaining party is proven by showing that: (1) the witness actually conferred with or heard testimony of the other witnesses; and (2) the witness's testimony contradicted the testimony of a witness from the opposing side or corroborated the testimony of a witness he had conferred with or heard.

The Witness Rule was invoked at trial. State Witness, Cheryl Wright, the Rule, and was allowed to testify after she had heard testimony of two other witnesses in court.

The Appellant court found because Ms. Wright stated she could not remember anything she heard during her sitting in the Courtroom overhearing testimony of two officers, to-wit: Officer Hicks and Grizzard, in violation of the rule, and that two officers testimony was on the theory of the case and that Wright testimony ~~did not co~~ BJP of her vehicle, damage to the steering column, and fact it had been stolen the night of offense being tried, and her

Page 7

her testimony did not corroborate the testimony of the two Officers (State's Witnesses) testimony she had overheard in violation of the rule and was therefore harmless.

However, 1). her testimony of her vehicle, damage to the steering column, and that it was stolen the night of the offense, the defendant was on trial, for it did therefore did indeed corroborate the testimony of Identity which was the subject of the two officers testimony, and admissions of exhibits at trial, which were basically Identity of Defendant, and another they had arrested as if to link the two. Wright testimony was not relevant to a vehicle theft, but rather used for "Identity" purpose of Defendant and as such did corroborate the testimony of the Officers, The whole purpose of the State Case in theory was to prove identity and all witnesses were used to build this theory. Wright heard evidence of identity of others that could not have stolen her vehicle, as well as, evidence in support, such as exhibits such as the glove found behind her neighbors house that had same DNA, as the Defendant, which was also found in her neighbors vehicle, whose vehicle also had defendant DNA, shown via his blood found on steering wheel of attempted theft vehicle belonging to neighbor, matching "Identity" of Defendant to attempted theft of vehicle and her testimony corroborated to prove Identity of the

Page 8

defendant. Officer Hicks testimony and exhibits admitted during his testimony all were Identity evidence, or thereabout. Wright testimony seated the state's case on the Identity Theory of Defendant and cause the jury to find cause to belief Defendant was the third person in the bank video who had got away, and prejudiced the defendant so he was found Guilty on corroboration of her Identity based testimony. A vehicle, steering column damage, and theft of her vehicle were not relevant to Theft of ATM, but rather used to corroborate the State Theory. As such, her testimony did corroborate "Identity" which was the basis and evidence, by testimony and exhibits admitted by Officer Hicks heard and witnessed by Wright in violation of the Witness Rule, Violating 6th and 14th Amend. USCA.

This case will set a precedence in all future cases for Witness Rule Violations concerning subject matter of testimony both heard in violation of the Witness Rule, and testimony allowed by Violator of the Witness Rule.

Petitioner prays for Order granting a Discretionary Review of this ground.

## Prayer

Wherefore, All Considered, The Petitioner, Prays This Court will issue an order Granting Discretionary Review on All or Any of the three Grounds stated above in the Interest of Justice, and reasons stated in grounds above.

Respectfully Submitted

x _Benjamin James Patterson_
Petitioner

## Certificate Of Service

I, Certify a true and correct copy of the above-instrument has been served to the State Attorney.

Mailed On : 4-6-2015          x _Benjamin James Patterson_
Petitioner



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BENJAMIN JAMES PATTERSON, A/K/A BENJAMIN JAMES TALTON, A/K/A BENJAMIN J. TALTON, | § § § | No. 08-13-00111-CR |
| Appellant, | § | Appeal from the 355th District Court |
| v. | § | of Hood County, Texas |
| THE STATE OF TEXAS, | § | (TC# CR12031) |
| Appellee. | § | |

## O P I N I O N

Appellant Benjamin James Patterson was indicted for theft of property valued at $20,000 or more but less than $100,000. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(5) (West 2011). After Appellant pleaded not guilty to the charged offense, the jury found him guilty and assessed punishment at 99 years' imprisonment. On appeal, Appellant raises three issues for our review. We affirm.

## BACKGROUND

Color surveillance video from the First National Bank of Granbury shows three masked men use an El Camino to smash through the windows of the bank, steal an ATM machine out of the bank, and place it into the back of the El Camino around two o'clock in the morning on

December 2, 2010. A Hood County Sheriff officer, who was driving in the area, heard the alarm call at the bank and observed a dark-colored El Camino exiting the bank parking lot. After a high-speed chase, the ATM machine fell out of the vehicle on James Road, the El Camino crashed into a fence on Royal Lane, and the three suspects fled on foot. Two of the men were captured, and although officers set up a perimeter to search for the third suspect, the third suspect was not located. However, officers discovered a black glove in between two houses. The glove was photographed and collected and put into evidence. After officers watched the bank surveillance video, it was noted that the third suspect was wearing black gloves.

At approximately 8 o'clock in the morning on December 2, 2010, Hood County Sheriff Officer Matthew Bales responded to a report of a stolen GMC on 5410 Frank Lane in Granbury which was near where the El Camino had wrecked. That same day, the stolen GMC was found abandoned in the middle of Lake Como in Fort Worth, Texas. Also in the morning hours of December 2, 2010, Albert Stewart called police to report that his 1979 El Camino had been stolen from his home in Fort Worth.

On December 5, 2010, Hood County Sheriff's Officer Jeremy Roth responded to a report of a burglary of a non-operational pickup on 5412 Frank Lane in Granbury which was near where the El Camino had wrecked and was next door to 5410 Frank Lane, where the GMC was stolen. Officer Roth observed the pickup had been broken into and he noted damage to the steering column and observed a dry, red substance on the steering column. Based on his training and experience, Officer Roth believed the substance was blood. Samples of the substance confirmed to be blood were collected for analysis and booked into evidence. Upon

2

further investigation by police, it was determined that Appellant's DNA matched the blood samples found on the steering column of the burglarized pickup and Appellant's DNA could not be excluded as a contributor to the major male DNA mixture profile from the DNA samples retrieved from the black glove found during the search for the third suspect. At trial, the State's theory of the case was that Appellant was the third missing suspect who had dropped his glove during his escape after the El Camino crashed. After Appellant attempted to steal the non-operational vehicle at 5412 Frank Lane and somehow cut himself leaving blood on the steering column, he went next door to 5410 Frank Lane and stole the GMC. Appellant then drove to Fort Worth where he resided, and tried to hide the stolen GMC by dumping it in Lake Como which was in close proximity to his home.

## DISCUSSION

In three issues on appeal, Appellant complains the trial court erred: (1) in admitting evidence of extraneous offenses; (2) by failing to give the jury an instruction limiting its consideration of the extraneous offenses; and (3) by allowing witness testimony in violation of the witness rule.

## ADMISSION OF EXTRANEOUS OFFENSE EVIDENCE

In Issue One, Appellant complains the trial court erred by overruling his objections and admitting extraneous offense evidence. He argues that the evidence was inadmissible under Texas Rules of Evidence 403 and 404(b).

### Standard of Review

We review the admission of extraneous offense evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex.Crim.App. 2009); *Prible v. State*, 175 S.W.3d 724,

3

731 (Tex.Crim.App. 2005). A trial court does not abuse its discretion if the decision to admit or exclude the evidence is within the "zone of reasonable disagreement." *Orona v. State*, 341 S.W.3d 452, 464 (Tex.App. – Fort Worth 2011, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on reh'g)); *Oprean v. State*, 201 S.W.3d 724, 726 (Tex.Crim.App. 2006). A trial court's determination on the admissibility of extraneous-offense evidence typically falls within the zone of reasonable disagreement if the evidence shows: (1) that an extraneous transaction is relevant to a material, non-propensity issue, and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. *De La Paz*, 279 S.W.3d at 344. The trial court's ruling must be upheld if it is reasonably supported by the record and correct under any applicable theory of the law. *See Willover v. State*, 70 S.W.3d 841, 845 (Tex.Crim.App. 2002).

### Applicable Law

Relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX.R.EVID. 401. Under Texas Rules of Evidence 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove that the accused committed the charged offense in conformity with his bad character. TEX.R.EVID. 404(b). However, it may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*; *Devoe v. State*, 354 S.W.3d 457, 469 (Tex.Crim.App. 2011); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Crim.App. 1991)(op. on reh'g). These exceptions are neither mutually exclusive nor collectively exhaustive. *De La Paz*, 279 S.W.3d

4

at 343. For example, "under the reasoning that events do not occur in a vacuum[,]" evidence of extraneous offenses may be admissible "[t]o show the context in which the criminal act occurred[.]" *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App. 1972); *see also Devoe*, 354 S.W.3d at 469 (discussing admissibility of same-transaction contextual evidence). The jury is entitled to know all relevant surrounding facts and circumstances of the charged offense. *Devoe*, 354 S.W.3d at 469. In order for an extraneous offense to be admissible, it must be relevant apart from supporting an inference of character conformity. *See Montgomery*, 810 S.W.2d at 387; TEX.R.EVID. 401. However, under Rule 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusions of the issues, misleading the jury, or by considerations of undue delay, or needless presentation or cumulative evidence. TEX.R.EVID. 403.

*Analysis*

The record establishes Appellant filed a pretrial motion in limine with regard to any extraneous offenses offered by the State. The State explained that it considered three extraneous offenses res gestae to the charged offense and argued that although the extraneous offenses constituted different criminal offenses, they were all part and parcel of the charged offense and the flight therefrom. The three extraneous offenses presented by the State included: (1) the theft of the El Camino; (2) the burglary of the non-operational vehicle in which Appellant's DNA was discovered; and (3) the theft of the GMC that was abandoned in Lake Como. Appellant raised a Rule 404(b) objection to all three offenses and argued the elements of the extraneous offenses were not consistent with the elements of the charged offense. In response, the State argued the extraneous offenses were part and parcel of the same transaction

5

and that they proved identity, modus operandi, and the preparation and plan for the charged offense and the flight therefrom. The State urged the extraneous offenses proved Appellant broke the steering columns of the vehicles in the same way and that he used the stolen GMC in his flight from the bank theft.

After conducting a balancing test, the Court determined the extraneous offenses concerning the stolen El Camino and the non-operational vehicle in which Appellant's DNA was discovered were admissible. Specifically, the trial court found those offenses were relevant to a fact of consequence before the jury and were not conduct in conformity with character evidence, and that the probative value outweighed any prejudicial effect under Rule 403. The trial court sustained Appellant's objection to the extraneous offense concerning the stolen GMC, but reserved its right to revisit the issue during the course of trial.

At trial, the State argued the extraneous offense evidence was res gestae of the charged offense, and should be admitted as a Rule 404(b) exception and as contextual evidence to show how the crime was committed and how Appellant fled from the crime to his home in Fort Worth. Appellant reasserted his objections to the admission of the extraneous offenses. The State further urged that identity was at issue and argued that the only thing Appellant contested was whether he was the third suspect that committed the crime. After considering the totality of the evidence and conducting another balancing test, the trial court found all the extraneous offense evidence to be admissible. Appellant's subsequent Rule 404(b) and Rule 403 objections to the extraneous offense evidence were overruled by the trial court.

On appeal, Appellant argues the extraneous offense evidence was admitted in error. Appellant maintains the State proved only "that a third guy got away." He further complains

6

that but for the improperly admitted extraneous offense evidence, the case would have been dismissed for insufficient evidence.

In response, the State maintains admission of the extraneous offense evidence was not error "because they were part of the same criminal event and their similarity established the identity of the defendant." The State argues the attempted theft of the non-operational vehicle in which Appellant's DNA was discovered and that the actual theft of the GMC found in Lake Como were part of the Appellant's flight from the bank theft. As such, the State maintains that those two extraneous offenses were admissible to prove guilt and because they were part of the same transaction. As to the theft of the El Camino, which was reported December 2, the morning of the bank theft, the State asserts that the theft of the El Camino was germane to the planning, preparation, and execution of the actual bank theft. The State further points out that the steering columns of all three vehicles were broken in an identical fashion. According to the State, the extraneous offenses "were pieces of the same crime that only have meaning when examined together." The State contends the extraneous offenses "give context to the bank theft and show [Appellant's] handiwork, or identity." The State also argues the extraneous offense evidence was highly probative because it gave context and helped rebut Appellant's defense that he was not the perpetrator.

We agree with the State that the extraneous offense evidence was res gestae of the offense or same transaction contextual evidence. The record shows the El Camino was stolen from a residence in Fort Worth close to the homes of Appellant and the other two suspects involved in the bank theft. The owner of the El Camino reported it stolen the morning of the bank theft. The burglary of the non-operational vehicle in which Appellant's DNA was

7

discovered and the theft of the GMC that was later found in Lake Como occurred in the same area the El Camino crashed and the three suspects fled on December 2, 2010. The report of the burglary of the non-operational pickup, in which Appellant's DNA was found, was made on December 5, 2010. The GMC was stolen on the same date as the bank theft from a home located next door to the burglarized vehicle which contained Appellant's DNA. It was also in that same neighborhood that the black glove containing Appellant's DNA was found. The record establishes that the third suspect who escaped after the El Camino crashed was wearing black gloves. On the same day it was stolen, the GMC was found abandoned in Lake Como which was in close proximity to Appellant's home and the homes of the other two suspects. All three vehicles involved in the extraneous offenses presented by the State had similar damage of the steering columns. Moreover, officers obtained keys from Anthony Hannon, one of the apprehended suspects, to a vehicle found where the ATM fell out of the El Camino. Inside of that vehicle, officers found Hannon's wallet and cell phone. A search of the cell phone revealed that Hannon and Appellant made calls to one another on December 2, 2010, around the time of the bank theft and had made a number of calls to each other prior to the date of the bank theft. The subpoenaed cell phone records showed that after 1:41 a.m. on December 2, 2010, there were no other calls made between the phone numbers of Appellant and Hannon.

On the record before us, we conclude the trial court could have reasonably concluded the extraneous offense evidence concerning the El Camino, the burglary of the vehicle containing Appellant's DNA, and the stolen GMC abandoned in Lake Como was res gestae of the offense or same transaction contextual evidence. *See Devoe*, 354 S.W.3d at 469-71 (holding extraneous offense evidence of other uncharged crimes and incidents that occurred throughout the entire

8

crime spree that resulted in the murder of six people, in three locations, over a period of three days, was admissible as same-transaction contextual evidence because the State needed the evidence to explain appellant stole the gun to go after women and then stole vehicles to effectuate his interstate flight to the home of his mother). At a minimum, the trial court's admission of the extraneous offense evidence is within the zone of reasonable disagreement as to whether the evidence was needed to prove identity or understand the res gestae of the charged offense. Accordingly, we conclude the trial court did not abuse its discretion in admitting the complained-of extraneous offense evidence.

The extraneous offense evidence was also admissible to rebut Appellant's defensive theory that he was not the third suspect who escaped after the El Camino crashed. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex.Crim.App. 2009); *Moses v. State*, 105 S.W.3d 622, 626 (Tex.Crim.App. 2003); *see also Powell v. State*, 63 S.W.3d 435, 439-40 (Tex.Crim.App. 2001) (the admission of extraneous offense evidence to rebut a defensive theory raised in the accused's opening statement is within the trial court's discretion). At trial, during Appellant's opening statement, Appellant advanced a theory that Appellant was not the third suspect who escaped after the bank robbery:

> Defense counsel: Folks, what you just heard was a giant fishing expedition. There's nothing specific about it, and we anticipate in this case there's not going to be anything specific about what they can prove. All right. Fishing for the next two days, fishing in troubled waters. The realty of it is that they got the wrong guy.
>
> ...
>
> You're going to hear a lot of talk about DNA, a lot of talk about cuts and bruises, a lot of talk about what could have happened, okay? But none of those things speak directly to the elements of what happened over at First National Bank. And you won't hear any evidence that places [Appellant] at the scene of that

9

crime on the night that it happened. It's a theory. That's what the evidence is going to show.

...

What we expect to see is that you will hear testimony of some very smart people, some very honest, hard-working people who live and work right here in Hood County, okay? They don't know a whole lot about the third guy in this offense. They won't be able to specifically put their finger on [Appellant]. Not saying that they're bad people, but we want you to examine their testimony very closely.

At the end of this testimony, we're going to return to you, we're going to ask you to find [Appellant] not guilty.

Similarly, during closing argument, Appellant's counsel summed up the State's evidence as showing that "[t]he third guy got away." The jury was told that Appellant was not the third guy and that nothing was presented to prove that he was the third guy. Appellant's counsel stated that "what the State has attempted to do [was] show [the jury] in general terms that [Appellant is] a bad person, because they cannot specifically prove that the third guy was him."

Based on the record before us, we find that the trial court could have reasonably concluded the extraneous offense evidence was not offered solely for character conformity purposes, but was offered to show a material, nonpropensity issue. *See Devoe*, 354 S.W.3d at 469 (admission of evidence under Rule 404(b) is generally within the zone of reasonable disagreement and not an abuse of discretion if there is evidence supporting that an extraneous offense is relevant to a material, nonpropensity issue).

Next, we address whether the probative value of the extraneous offense evidence was substantially outweighed by the danger of unfair prejudice. *See* TEX.R.EVID. 403; *Montgomery*, 810 S.W.2d at 389. Rule 403 favors the admissibility of relevant evidence, and presumes that relevant evidence will be more probative than prejudicial. *Shuffield v. State*, 189 S.W.3d 782,

10

787 (Tex.Crim.App. 2006). Appellate courts should afford deference to a trial court's Rule 403 balancing evaluation and should reverse a trial court "rarely and only after a clear abuse of discretion." *Montgomery*, 810 S.W.2d at 392. In conducting a Rule 403 analysis, the following four factors are considered by the trial court: (1) how compellingly the extraneous evidence serves to make more or less probable a fact of consequence; (2) the potential of the evidence to impress the jury in an irrational and indelible way; (3) the time needed to develop evidence of extraneous misconduct; and (4) the degree of the proponent's need for such evidence. *Montgomery*, 810 S.W.2d at 389-90.

Here, the extraneous offense evidence is highly probative as it was relevant to show the contextual background of the offense, the identity of the third suspect in the bank theft, and to rebut a defensive theory. The first factor favors admission. In regard to the second factor, there is nothing in the record or about the nature of the extraneous offenses which indicate the extraneous offense evidence had the potential to impress the jury in an irrational and indelible way. The second factor favors admission. As to the third factor, the time needed to develop the extraneous offense evidence, the State presented nineteen witnesses during its case-in-chief. Of those witnesses, seven provided testimony about the extraneous offenses. We note the reporter's record containing the transcription of the guilt-innocence phase of trial spans over two-hundred pages while the testimony concerning the extraneous offenses spans over less than sixty pages of the record. Additionally, the time the State used to refer to the extraneous offenses during opening and closing statements was minimal. The third factor favors admission. Lastly, because Appellant's identity as the third suspect was a contested issue at trial, the extraneous offense evidence was needed to show the contextual background of the offense, identity, and to

11

rebut a defensive theory. *See Prince v. State*, 192 S.W.3d 49, 56 (Tex.App. – Houston [14th Dist.] 2006, pet. ref'd). Thus, trial court could have concluded that the State's need for the extraneous offense evidence was great.

Appellant also complains the trial court erred in admitting State's Exhibit 208, a copy of the subpoenaed cell phone records showing that phone calls were exchanged between Appellant and Hannon. The State maintains the cell phone records were relevant and admissible because they "demonstrated a connection between one of the captured suspects and [Appellant]; the record was material to proving he was the third suspect, a fact of consequence in the case." We agree with the State. Here, Hannon's cell phone was found in a vehicle were the ATM fell out of the El Camino as it fled the bank. The subpoenaed phone records showed a number of calls between Hannon's cell phone number and Appellant's cell phone number on December 2, 2010, including one during the time frame of the bank theft, as well as calls before the date of the bank theft. However, after the theft and Hannon's capture, there were no more calls made between the two cell phone numbers. In this case, where identity was at issue and Appellant's defensive theory was that he was not the third suspect who escaped from police, the evidence was relevant and highly probative because it made facts of consequence more likely. The trial court did not err by admitting this evidence.

We conclude the trial court did not abuse its discretion in determining that the probative value of the extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice. *See* TEX.R.EVID. 403. Because the trial court's ruling was "within the zone of reasonable disagreement," we conclude the trial court did not abuse its discretion by admitting the complained-of extraneous offense evidence. *See De La Paz*, 279 S.W.3d at 344; *Orona*, 341

12

S.W.3d at 464; *Oprean*, 201 S.W.3d at 726; TEX.R.EVID. 403, 404(b). Issue One is overruled.

## Limiting Instruction

In Issue Two, Appellant argues the trial court should have given a limiting instruction instructing the jury to consider the extraneous offense evidence only on the issue of identity. Alternatively, he complains his trial counsel was ineffective for not requesting a limiting instruction as to identity after his Rule 404(b) objection was overruled and for not requesting a limiting instruction as to identity in the jury charge. However, as correctly noted by the State no limiting instruction is required for same transaction contextual evidence. *See Devoe*, 354 S.W.3d at 471; *Wesbrook v. State*, 29 S.W.3d 103, 114-15 (Tex.Crim.App. 2000); *Camacho v. State*, 864 S.W.2d 524, 535 (Tex.Crim.App. 1993). As set forth in Issue One, the extraneous offense evidence constituted same transaction contextual evidence. Accordingly, the trial court did not err in failing to provide the jury with a limiting instruction as to evidence. *See Devoe*, 354 S.W.3d at 471.

Even assuming the extraneous offense evidence was not same transaction contextual evidence, because we also believe the complained-of evidence was admissible to show a material, nonpropensity issue, there would be no error because the record establishes and Appellant concedes that he did not request a limiting instruction. The party opposing evidence or seeking a limitation bears the burden to object and request a limiting instruction at the introduction of the evidence. *Hammock v. State*, 46 S.W.3d 889, 894 (Tex.Crim.App. 2001); *see also Walker v. State*, 300 S.W.3d 836, 849 (Tex.App. – Fort Worth 2009, pet. ref'd). When a defendant fails to request a limiting instruction when the evidence is introduced, he fails to preserve error and the trial court is not obligated to provide a limiting instruction. *Hammock*,

13

46 S.W.3d at 895. A request for a limiting instruction must "inform the trial court as to what limitation should be placed upon the evidence[.]" *Puente v. State*, 888 S.W.2d 521, 528 (Tex.App. – San Antonio 1994, no pet.) (citing *Burks v. State*, 876 S.W.2d 877 (Tex.Crim.App. 1994) (stating that to avoid forfeiture of appellate complaint a party must let trial court know what he wants, why he is entitled to it, and to do so in a clear enough manner to allow trial court to do something about it)).

Without citing to any authority, Appellant maintains the trial court was obligated to provide a limiting instruction as to identity at the time the extraneous offense evidence was admitted and when it charged the jury because the State requested and agreed to such an instruction. Specifically, Appellant points to the following colloquy which occurred during a bench conference on the extraneous offense evidence:

> MR. GREEN: Judge, we would object. Again, I'd like to renew my prior objection that these extraneous acts and the facts that the State has just stated are completely different from the facts of the case. To be more specific, what the State is trying to prove is that the car theft, the alleged car theft is conduct that conforms with - - that it is character evidence to show that he acted in conformity with bad character.... Identity here is not a critical component of proving that [Appellant] was a part of the burglary that happened.
>
> We would specifically like to have this evidence excluded.
>
> . . .
>
> MR. BERRY: Your Honor, we would agree with the limiting instruction both at the time that the evidence is submitted and in the charge of the Court, limiting this matter to the - - to the matter of identity. But identity is the issue in this case. Obviously, this crime was committed. The only - - the only thing that the [Appellant is] contesting is whether or not he was the one that was the third suspect that committed this crime.

We also note that in its briefing, the State asserts Appellant requested a limiting instruction based on the following colloquy between Appellant and the trial court during a pretrial hearing on Appellant's motion in limine regarding the extraneous offense testimony:

14

MR. GREEN: Judge, we would like to take issue with all of those matters because none of those are elements of the charged offense before the Court. What we would like to have, we would like to bring those matters to the bench before testimony is offered to the jury. If any of those items are allowed to be presented to the jury, we would like also for the - - to be a limiting instruction and also like for there to be a specific instruction with regard to why those extraneous offenses are being presented to the jury.

THE COURT: All right. You may bring those matters before the Court outside the presence of the jury. Do you want to do that at this time or - - or you don't want to wait until we reach that point in the testimony where you want to offer any information about those extraneous matters and have that matter discussed and taken up outside the jury's presence then? How do you want to do it?

We reject both Appellant's and the State's characterizations of the above statements to the trial court as specific requests for a limiting instruction.

Because Appellant bore the burden of requesting a limiting instruction and did not request an instruction at any point during the pretrial hearing, trial on the merits, or charge conference, he was not entitled to a limiting instruction and has failed to present anything for review on appeal. *See Delgado v. State*, 235 S.W.3d 244, 253 (Tex.Crim.App. 2007); (explaining that an objection to admission of evidence and a request for a limiting instruction must be made when evidence is introduced for a party to be entitled to a limiting instruction); *Walker*, 300 S.W.3d at 849 (if appellant fails to request limiting instruction when evidence is admitted, appellant does not preserve); *Slaughter v. State*, No. 14-05-00863-CR, 2006 WL 2805564, at *4 (Tex.App. – Houston [14th Dist.] Oct. 3, 2006, no pet.) (mem. op., not designated for publication) (holding when defendant fails to request limiting instruction when evidence is introduced, then he cannot complain about its admission on appeal).

However, the charge of the court did include a limiting instruction as to the extraneous offense evidence that provided:

15

[Y]ou are instructed if there is any testimony regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any, were committed, and even then you may only consider the same in determining the intent or knowledge of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose.

The record reflects that during the charge conference, Appellant did not object to the trial court's proposed jury charge which included the above-referenced limiting instruction. Appellant also failed to make any special requests or instructions at that time. On appeal, Appellant acknowledges the trial court provided the jury with a limiting instruction that was not on point as it instructed the jury "as to 'intent and knowledge' rather than 'identity', the main issue." However, he does not complain that the instruction as given to the jury was improper or that he was harmed in any way by the instruction that was provided to the jury.

### Ineffective Assistance of Counsel

In the alternative, Appellant contends he received ineffective assistance of counsel. However, in support of his argument, Appellant merely states that his "trial counsel had no reasonable trial strategy to fail to request the limiting instruction, and therefore the trial counsel's representation fell below an objective standard of reasonableness requiring a reversal." The rules of appellate procedure require an appellant's brief to contain a clear and concise argument containing appropriate citations to authority and to the record. *See* TEX.R.APP.P. 38.1(i). To prevail on a claim of ineffective assistance of counsel, Appellant must satisfy a two-prong test by a preponderance of evidence showing that: (1) his attorney's performance was deficient; and that (2) his attorney's deficient performance deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Ex parte Chandler*, 182 S.W.3d 350,

16

353 (Tex.Crim.App. 2005). Under the first prong, the attorney's performance must be shown to have fallen below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Namely, Appellant must prove that his attorney's conduct fell below the professional standard. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Under the second prong, Appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Thompson*, 9 S.W.3d at 812.

Appellant fails to put forth any argument and analysis showing that the record and the law support his contention. Accordingly, we conclude Appellant has inadequately briefed this argument, and has waived appellate review of his complaint. *See McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex.Crim.App. 2001) (an inadequately briefed issue may be waived on appeal); *see also Bessey v. State*, 199 S.W.3d 546, 555 (Tex.App. – Texarkana 2006), *aff'd*, 239 S.W.3d 809 (Tex.Crim.App. 2007) (ineffective assistance claim overruled due to inadequate briefing where appellant's brief made no effort to show how record demonstrated prejudice under *Strickland*). Issue Two is overruled.

### Violation of the Rule

In Issue Three, Appellant contends the trial court abused its discretion when it allowed Cheryl Wright, a witness for the State, to testify after she had heard testimony of two other witnesses in court despite invocation of the witness rule, and that Appellant was harmed as a result of the violation. Texas Rule of Evidence 614 provides for the exclusion of witnesses from the courtroom during trial so they cannot hear the testimony of other witnesses. *See* TEX.R.EVID. 614. The purpose of the Rule is to prevent the testimony of one witness from

influencing the testimony of another witness. *Russell v. State*, 155 S.W.3d 176, 179 (Tex.Crim.App. 2005). If the Rule is violated by a witness, the witness's testimony may be admitted or excluded at the trial court's discretion. *Bell v. State*, 938 S.W.2d 35, 50 (Tex.Crim.App. 1996).

We review the trial court's decision whether to exclude a witness who has violated the Rule for an abuse of discretion. *Webb v. State*, 766 S.W.2d 236, 240 (Tex.Crim.App. 1989); *State v. Saylor*, 319 S.W.3d 704, 710 (Tex.App. – Dallas 2009, pet. ref'd). A violation of the Rule is not in itself reversible error, but only constitutes error when the objected-to testimony is admitted and the complaining party is harmed. *See Webb*, 766 S.W.2d at 239-40; *Archer v. State*, 703 S.W.2d 664, 666 (Tex.Crim.App. 1986). Harm to the complaining party is proven by showing that: (1) the witness actually conferred with or heard testimony of other witnesses; and (2) the witness's testimony contradicted the testimony of a witness from the opposing side or corroborated the testimony of a witness he had conferred with or heard. *Archer*, 703 S.W.2d at 666.

The record reflects that Wright mistakenly overheard twenty minutes of testimony from other witnesses after the rule was invoked. Outside of the presence of the jury, Wright told the court that she did not remember who was testifying when she was in the courtroom and that she could not say what was talked about. Wright's testimony was admitted over Appellant's objection that her testimony was tainted as a result of her presence in the courtroom during the officers' testimony.

Although the record clearly reflects Wright violated the rule because she heard the testimony of Officers Hicks and Grizzard, Wright's testimony did not contradict or corroborate

the testimony of either officer. The extent of Wright's testimony was that she lived on Frank Lane and owned a 1992 GMC pickup that was stolen on December 2, 2010. According to Wright, there had been no damage to the steering column of her vehicle before it was stolen. The record reflects that the testimony of Officers Hicks and Grizzard had nothing to do with Wright's residence, vehicle, or the damage to the vehicle's steering column. While Appellant seems to argue that Wright overheard a discussion of the State's theory of the case that occurred with the trial court just before the lunch recess, we agree with the State that a careful review of the record shows that any discussion about the State's theory of the case was taken up after the trial court broke for lunch and outside of the presence of Wright. Accordingly, we conclude Appellant was not harmed or prejudiced by Wright overhearing the testimony of Officers Hicks and Grizzard. The trial court did not abuse its discretion in admitting Wright's testimony. *Webb*, 766 S.W.2d at 240. Issue Three is overruled.

## CONCLUSION

Having overruled all three of Appellant's issues, the trial court's judgment is affirmed.


YVONNE T. RODRIGUEZ, Justice

January 14, 2015

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

(Do Not Publish)

19